DLD-319                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2897
_____

IN RE: RAVANNA S. BEY,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:13-cv-02846)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 24, 2013)
_____

OPINION
_____

PER CURIAM

        Ravanna Stephens Bey, Jr., proceeding pro se and in forma pauperis, petitions for

a writ of mandamus compelling the U.S. District Court for the District of New Jersey to

grant Bey's habeas petition filed pursuant to 28 U.S.C. § 2241, ultimately dismissing the

ongoing criminal proceedings being conducted in the Superior Court of New Jersey for

Gloucester County, New Jersey.  See D.N.J. 1:13-cv-02846.

In the criminal proceeding, Bey has asserted that the Superior Court of New Jersey lacks jurisdiction over him.[1]  After the Superior Court of New Jersey rejected Bey's argument, Bey filed his habeas petition, seeking to have the District Court dismiss the charges against him for lack of jurisdiction.  The District Court dismissed Bey's habeas petition for failure to exhaust his state court remedies, and Bey has timely appealed from that ruling.  See D.N.J. 1:13-cv-02846.  In his instant petition for a writ of mandamus, Bey requests that this Court enter an order "directing the District Court to dismiss Respondents [sic] claims for lack of subject matter jurisdiction . . . ."[2]  We interpret this as a request that we order the District Court to grant Bey's habeas petition.

Mandamus is a drastic remedy available in only the most extraordinary circumstances, and "should not be issued where relief can be obtained through an ordinary appeal."  In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 462 (3d Cir.1996)).  Accordingly, as Bey can seek the requested relief through the appellate process, we deny Bey's petition for a writ of mandamus.

---

[1] Bey has been indicted on two counts of committing forgery with purpose to defraud and one count of theft by deception stemming from two episodes where Bey allegedly altered checks and cashed them.  In his petition, Bey asserts that the Superior Court of New Jersey does not have jurisdiction over him, as he is a "Moorish American" citizen, and is not subject to the jurisdiction of the courts of the United States per the laws of the Moorish American National Republic, the Thirteenth Amendment of the United States Constitution, and the Emancipation Proclamation.

[2] Bey's petition also seeks to have the District Court certify its rulings under 28 U.S.C. § 1292(b).  As the District Court's order is not an interlocutory decision, no certification is

needed to allow Bey to appeal.  <u>See</u> 28 U.S.C. § 1292(b).